# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7727 | **DATE** | 7/8/2011 |
| **CASE TITLE** | Stone, et al. Vs. Board of Election Commissioners | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' motion to reopen this case [52] is respectfully denied; the case remains closed based on the agreement of the parties, as memorialized in the Court's March 22, 2011 minute entry [51] granting Plaintiffs' motion for clarification [49].

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiffs' motion to reopen this case [52]. By way of background, Plaintiffs brought this action on December 6, 2010. Plaintiffs' complaint challenged the constitutionality of an Illinois statute imposing a signature requirement on those wishing to be placed on the municipal ballot for certain elected offices in the City of Chicago.

Because the primary election was scheduled to be held on February 22, 2011, the Court adopted an expedited briefing schedule and set the case for immediate hearing on January 4, 2011. On January 10, the Court entered a memorandum opinion and order [35] denying Plaintiffs' request for injunctive relief.

Plaintiffs took an immediate appeal of the January 10 order and requested expedited treatment in the Court of Appeals. While the appeal was pending, on March 16, 2011, Plaintiffs returned to this Court with a motion for clarification [49]. In that motion, Plaintiffs stated that they "have assumed that the district court disposed of all matters in the instant case via the holdings represented by Documents 34-35," which are the January 10 memorandum opinion and order and accompanying minute entry. During the March 22 hearing on the motion, the Court explained that it treated Plaintiffs' initial motion for injunctive relief as a request for a preliminary injunction because no discovery had taken place in the case. The Court further stated its view that there was no appellate jurisdiction problem because even non-final orders denying requests for injunctive relief are immediately appealable. At the hearing, counsel for Plaintiffs echoed the representation in Plaintiffs' motion that there was nothing more to be done in the district court absent a remand from the Court of Appeals except for a possible request for attorneys' fees – a collateral issue – in the event that Plaintiffs prevailed in the Court of Appeals. Following the hearing, the Court issued a short docket entry [51] granting Plaintiffs' motion to clarify and closed the case "[o]n the basis of the agreement of the parties * * * that there is no further action to be taken in the district court in this matter absent a remand from the Seventh Circuit."

## STATEMENT

The case proceeded to argument and disposition in the Seventh Circuit. In its May 4, 2011 opinion, the Court of Appeals dismissed the appeal. As the panel explained, "[b]ecause the election has taken place, Plaintiffs' appeal is now moot." *Stone v. Neal*, No. 11-1085, slip op. at 2 (7th Cir. May 4, 2011). In its opinion, the panel observed that this Court had treated Plaintiffs' motion as seeking a preliminary injunction and that the appeal thus was interlocutory. The panel further noted that "Plaintiffs remain free to pursue their underlying suit, in which they should be able to obtain review of the signature requirement before Chicago's next mayoral election in 2015." *Id*. at 3. In sum, the Court of Appeals' decision recognizes that Plaintiffs may wish to raise additional challenges to the pertinent election laws during the next election cycle, but it closes the books on any challenges to the 2011 election without remanding the matter to this Court. There is no indication in the Seventh Circuit's opinion that it was aware that Plaintiffs had filed a motion for clarification or that this Court had granted that motion and closed the case in the district court (subject to reopening in the event of a remand from the Court of Appeals).

Following the issuance of the Seventh Circuit's decision, Plaintiffs filed the instant motion seeking to reopen the case. As counsel for Plaintiffs acknowledged at the May 12 hearing on the motion to reopen, in filing the motion for clarification (and, indeed, at all times prior to the oral argument in the Court of Appeals), he "thought the case was done" because he thought that this Court "had addressed all of the issues." But in view of the Court of Appeals' treatment of the appeal as interlocutory and references to possible additional litigation in advance of the next election, Plaintiffs seek to reopen this case rather than filing a new case to litigate any remaining challenges to the Illinois election laws.

After consideration of all of the circumstances, the Court is not inclined to disturb its March 22 order – entered at Plaintiffs' request and with the agreement of the parties – closing this case absent a remand from the Seventh Circuit. Plaintiffs' counsel may have had strategic reasons for requesting the order in the first place, and in light of the Seventh Circuit's disposition of the appeal, the case is definitively closed once and for all as to any challenges to the state laws in conjunction with the 2011 municipal election. As the parties have recognized, as a practical matter, the only consequence of the denial of the motion to reopen is that Plaintiffs will have to pay a new filing fee if and when they are ready to proceed with further litigation relating to the signature requirement. Because the election remains a few years in the distance, it is at least conceivable that the pertinent laws might be amended before the next campaign cycle begins in earnest; indeed, Plaintiffs might even wish to contact their representatives in the General Assembly to make the case for any legislative changes that they may wish to see. And if the laws remain as they are, then Plaintiffs will have ample time to prepare and litigate their case (but they would be well advised to start sooner than three months before the election).

In sum, for the reasons stated above, Plaintiffs' motion to reopen this case [52] is respectfully denied; this case remains closed based on the agreement of the parties, as memorialized in the Court's March 22, 2011 minute entry [51] granting Plaintiffs' motion for clarification [49].