# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7727 | **DATE** | 3/14/2012 |
| **CASE TITLE** | Stone, et al. vs. Board of Election Commissioners for the City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies without prejudice Plaintiffs' motion to amend their complaint [69]. Plaintiff are given until April 4, 2012, to file a motion for leave to amend their complaint, which sets forth the specific claims that Plaintiffs wish to add and the reasons (supported by legal authority) why those claims would not be futile. Plaintiffs' request to add Langdon Neal, Richard Cowen, and Marisel Hernandez as Defendants is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

In their motion, Plaintiffs seek leave of court to amend their complaint to add as defendants the three individual commissioners of the Board of Election Commissioners for the City of Chicago. In their memorandum in support, Plaintiffs focus solely on allowing them to amend their complaint to add the three commissioners. In neither their motion nor their memorandum do Plaintiffs ask the Court to allow them to amend to include additional claims or substantive allegations. However, their proposed third amended complaint includes new claims and allegations.

In general, motions for leave to amend a complaint are freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit teaches that leave to amend should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted). Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. See *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss.").

Plaintiffs' original complaint named as defendants the Board and the three commissioners of the Board–Langdon Neal, Richard Cowen and Marisel Hernandez. These are the same three individuals that Plaintiffs propose to add now. These individual commissioners filed a motion to dismiss on December 23, 2010. See DE 17. The motion was filed pursuant to Fed. R. Civ. P. 12(b)(6) and requested that the commissioners be dismissed with prejudice. Plaintiffs could have filed a response to the motion, but instead chose not to do so, advising the Court they did not oppose the motion. See Transcript of Proceedings, January 4, 2011 ("1/4/11 Transcript") (DE 59-1 at 3). Noting that Plaintiffs did not oppose the motion, the Court granted Defendants' motion to dismiss without

**STATEMENT**

objection. *Id*. The Court's docket entry of January 5, 2011, stated in part that the motion to dismiss filed by the individual commissioners, "as to which Plaintiffs do not object," was granted for the reasons stated on the record in open court. See (DE 29). The docket entry further stated, "All three individual Defendants are terminated from the case." *Id*.

Plaintiffs have not presented the Court with any persuasive authority (or any authority at all) as to why they should be allowed to amend their complaint to add individuals that were previously dismissed without objection from Plaintiffs. Rather, in their reply brief, Plaintiffs agreed "to withdraw the part of its [sic] motion that seeks to add the three commissioners." However, Plaintiffs then state that they will "motion the honorable court" to add one or more of the individual commissioners at a later time if they believe that tactic to be necessary. Any such motion would be highly unlikely to succeed based on the current state of the record and the law. To put it bluntly, Plaintiffs punted the first time that this issue was raised (in January 2011) and they have done so again now. Rather than put forth *any* legal arguments supported by authority in opposition to the numerous authorities cited by Defendant in support of the proposition that the three individuals are *not* proper Defendants, Plaintiffs have twice declined to respond at all to Defendant's arguments. Absent a change in the law or Plaintiffs' demonstration of a manifest error of law or fact, any future attempt to add these three defendants will be denied. See *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (stressing that a court should revisit prior decisions of its own only when the "initial decision was clearly erroneous and would work a manifest injustice") (internal citations omitted).

In agreeing to withdraw their request to add the three commissioners, Plaintiffs state that they are withdrawing the "part" of their motion that seeks to add the three commissioners. But the only basis for an amendment asserted by Plaintiffs in their motion was to add new defendants. While Plaintiffs have asked the Court for leave to amend to add new defendants, they have not asked for leave to amend to add specific claims or substantive allegations. A motion to amend a pleading must specifically state in the motion itself what changes are sought by the proposed amendments. See *Lawrence v. Grbich*, 2008 WL 4603338, at *1 (E.D. Wis. Oct. 16, 2008). Given that this is Plaintiffs' fourth attempt to file a complaint, Plaintiffs must set forth up front in a motion the specific claims that they wish to add so that Defendants may intelligently take a position on the motion and the Court ultimately can determine whether the amendment should be allowed. Burying new claims in a proposed amended complaint, without bringing those specific claims to Defendant's (the Court's) attention, is not acceptable. For these reasons, the Court denies without prejudice Plaintiffs' motion to amend complaint [69]. Plaintiff are given until April 4, 2012, to file a motion for leave to amend their complaint that sets forth the specific claims that Plaintiffs wish to add and the reasons (supported by legal authority) why those claims would not be futile. Plaintiffs' request to add Langdon Neal, Richard Cowen, and Marisel Hernandez as Defendants is denied.